UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY W. MUNDY, | No. 2:21-cv-0117 CKD P |
| Plaintiff, | |
| v. | ORDER |
| PAMELA LINKE, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff requests leave to proceed in forma pauperis. As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

1

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

The court has reviewed plaintiff's amended complaint and finds that it fails to state a claim upon which relief can be granted under federal law. Plaintiff's complaint must be dismissed. The court will, however, grant leave to file an second amended complaint.

If plaintiff choses to file a second amended complaint, it must be legible and coherent. At times, the amended complaint is impossible to understand. Also, the second amended complaint should not include unnecessary background information, but only facts and allegations which support plaintiff's claims.

If plaintiff chooses to file a second amended complaint the plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's federal rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, in his amended complaint, plaintiff must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

While not entirely clear, it appears plaintiff believes he should be released from prison. When a state prisoner challenges the legality of his custody and the relief he seeks is the determination of his entitlement to an earlier or immediate release, his sole federal remedy is a writ of habeas corpus which plaintiff would seek under 28 U.S.C. § 2254. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Also, to the extent plaintiff seeks damages, plaintiff is informed he cannot proceed on a § 1983 claim for damages if the claim implies the invalidity of his conviction or sentence. Heck v. Humphrey, 512 U.S. 477, 487 (1994).

/////

1     Plaintiff is informed that the court cannot refer to a prior pleading in order to make
2  plaintiff's second amended complaint complete.  Local Rule 220 requires that a second amended
3  complaint be complete in itself without reference to any prior pleading.  This is because, as a
4  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
5  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, previous pleadings
6  no longer serve any function in the case.
7     Plaintiff has filed a motion seeking increased access to the law library at his prison.
8  Plaintiff has not demonstrated that his access to the law library is so inadequate that plaintiff may
9  not appropriately proceed in this matter.  Accordingly, his request will be denied.
10     Finally, plaintiff has filed a motion seeking preservation of evidence and preliminary
11  injunctive relief.  As plaintiff's complaint is being dismissed with leave to amend, that motion
12  will be denied without prejudice to refiling after it is determined that plaintiff has stated a claim
13  upon which he may proceed.
14     In accordance with the above, IT IS HEREBY ORDERED that:
15     1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 8) is granted.
16     2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees
17  shall be collected and paid in accordance with this court's order to the Director of the California
18  Department of Corrections and Rehabilitation filed concurrently herewith.
19     3. Plaintiff's amended complaint is dismissed.
20     4. Plaintiff is granted thirty days to file a second amended complaint that complies with
21  the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local
22  Rules of Practice.  The second amended complaint must bear the docket number assigned this
23  case and must be labeled "Second Amended Complaint."  Failure to file a second amended
24  complaint in accordance with this order will result in a recommendation that this action be
25  dismissed.
26     5. Plaintiff's April 26, 2021 motion for increased access to his prison's law library (ECF
27  No. 10) is denied without prejudice.
28  /////

6. Plaintiff's April 30, 2021 motion for preservation of evidence, and preliminary injunctive relief (ECF No. 11) is denied without prejudice as described above.

Dated: May 5, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
mund0117.14