UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY W. MUNDY, | No. 2:21-cv-0117 CKD P |
| Plaintiff, | |
| v. | ORDER |
| PAMELA LINKE, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983.  On May 5, 2021, the court screened plaintiff's amended complaint as the court is required to do under 28 U.S.C. § 1915A(a).  Plaintiff's amended complaint was dismissed with leave to file a second amended complaint.  Plaintiff has filed two documents titled "Second Amended Complaint" which are essentially the same.  Good cause appearing the court will strike the one filed July 19, 2021 and screen the one filed September 10, 2021.

When the court screened plaintiff's amended complaint, plaintiff was warned that his second amended complaint "should not include unnecessary background information, but only facts and allegations which support plaintiff's claims." Plaintiff did not comply with the court's instruction as the second amended complaint is more than double the length of the first amended complaint with page after page of information that is not relevant to any actionable claim. Plaintiff's second amended complaint violates Rule 8 of the Federal Rules of Civil Procedure as it

1

is not short and plain. Good cause appearing, the second amended complaint will be dismissed. Plaintiff will be granted one final opportunity to submit pleadings upon which he might proceed.

If plaintiff elects to submit a third amended complaint, he should refer to the court's May 5, 2021 order for instructions. In addition to the instructions provided in that order, plaintiff is informed as follows:

1. Plaintiff's third amended complaint cannot exceed 20 pages.

2. The Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332 (1979). The State of California has not consented to suit under 42 U.S.C. § 1983

3. Under Rule 20 of the Federal Rules of Civil Procedure, plaintiff cannot bring unrelated claims against different defendants. Simply put, plaintiff cannot join claims against defendant B that have nothing to do with those brought against defendant A.

4. The court cannot refer to a prior pleading in order to make plaintiff's third amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a third amended complaint, prior pleadings no longer serve any function in the case.

Finally, the court notes that plaintiff has filed a request for the appointment of counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional

circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's "second amended complaint" filed July 19, 2021 is stricken.

2. Plaintiff's second amended complaint filed September 10, 2021 is dismissed.

3. Plaintiff is granted thirty days from the date of service of this order to file a third amended complaint that complies with the requirements this order and the court's May 5, 2021 order.  The third amended complaint must bear the docket number assigned this case and must be labeled "Third Amended Complaint."  Failure to file a third amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

4. Plaintiff's motion for the appointment of counsel (ECF No. 20) is denied.

Dated:  September 16, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE